NO. 07-02-0142-CR


NO. 07-02-0143-CR


NO. 07-02-0144-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



OCTOBER 7, 2002



______________________________




FABIAN JAMES TANKESLY, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE



_________________________________



FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;



NO. 41,975-A, 41,941-A, & 41,926-A ; HONORABLE DAVID GLEASON, JUDGE



_______________________________



Before QUINN and REAVIS, JJ. and BOYD, S.J. (1)

ABATEMENT AND REMAND


 Pursuant to guilty pleas, on April 11, 2001, appellant Fabian James Tankesly was
convicted of theft over $1,500 in cause number 41,975-A, securing execution of documents
by deception over $20,000 and under $100,000 in cause number 41,941-A, and
unauthorized use of a motor vehicle in cause number 41,926-A, all state jail felonies, and
punishment was assessed at two years confinement and a $100 fine, suspended for three
years community supervision. Upon the State's amended motion, on March 7, 2002,
community supervision was revoked for violations of three of the conditions thereof, and
the original punishment was imposed. 

 Proceeding in forma pauperis, appellant timely filed notices of appeal. The
appellate record was filed on May 6, 2002. After two motions for extensions of time in
which to file a brief were granted extending the deadline to August 5, 2002, a third request
was granted to September 4, 2002, with the admonition that no additional extensions
would be granted absent extreme and unusual circumstances. A fourth motion for
extension of time was filed explaining that additional time was necessary to diligently
research the record and pertinent case law to prepare a proper brief, appellate counsel
attended to family illness, and matters pending in the District Court still needed to be
addressed. The fourth request was granted extending the deadline to October 1, 2002,
with the same admonishment previously given. On October 1, 2002, appellant filed a fifth
motion for extension of time citing the same reasons as in the fourth request. 

 Appellant's fifth motion for extension of time in which to file a brief is hereby denied
and we now abate the appeal and remand the cause to the trial court for further
proceedings pursuant to Rule 38.8(b)(2) and (3). Upon remand, the trial court shall
immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to
determine the following: 

 1. whether appellant desires to prosecute the appeal;

 2. whether appellant is indigent and entitled to new appointed counsel;
and 

 

 3. whether appellant has been denied effective assistance of counsel
given appellate counsel's failure to file a brief.



The trial court shall cause the hearing to be transcribed. Should it be determined that
appellant desires to continue the appeal and is indigent, then the trial court shall also take
such measures as may be necessary to assure appellant effective assistance of counsel,
which measures may include the appointment of new counsel. If new counsel is
appointed, the name, address, telephone number, and state bar number of said counsel
shall be included in the order appointing new counsel. Finally, the trial court shall execute
findings of fact, conclusions of law, and such orders as the court may enter regarding the
aforementioned issues, and cause its findings and conclusions to be included in a
supplemental clerk's record. A supplemental record of the hearing shall also be included
in the appellate record. Finally, the trial court shall file the supplemental clerk's record and
the supplemental reporter's record with the Clerk of this Court by Thursday, November 21,
2002.

 It is so ordered.


 Per Curiam

Do not publish. 
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.



date of
arrest, the record clearly demonstrated the defendant remained
confined under his prior sentence, and was not detained in custody
to answer for the offense until after the return of the indictment. 
The similar record in this cause requires the same finding. 
Consequently, we adhere to and apply the holding made in Anderson,
and overrule appellant's contention.


 The judgment is affirmed.




 Charles L. Reynolds

 Senior Justice

Do not publish. 
1. Charles L. Reynolds, Chief Justice (Ret.), Seventh Court of
Appeals, sitting by assignment.